IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-3268-RBJ

TRACY L. WILLIAMS,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

Defendant.

## ORDER

This case was originally filed in the Denver District Court (Case Number 2011CV7814). Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a). The case is before the Court on plaintiff's motion to remand and plaintiff's motion to strike defendant's answer and jury demand.

**Standard**

District courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Court looks to the complaint and the notice of removal to determine whether this requirement has been met. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

**Conclusions**

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Plaintiff does not dispute that the parties are diverse or that her claims exceed the

$75,000 amount in controversy requirement. Instead, plaintiff asks the Court to remand the case because defendant did not file an answer in state court within the extended period to which plaintiff's counsel agreed and the state court granted. Plaintiff claims that she was misled into giving up her right to seek a default in state court.

Plaintiff's counsel, after conferring with defense counsel, indicated that he would not object to an eight-day extension of the deadline to answer, i.e., to December 13, 2011. When defendant then moved for an extension to file a "responsive pleading," plaintiff's counsel inquired as to whether defendant would be filing an "answer." Defendant's counsel confirmed that she would file an answer by December 13 but added that she needed to confer with her client as to whether to remove the case to federal court. Defendant's counsel states that on December 13, 2011 she advised plaintiff's counsel that her client had decided to remove the case, and that she understood that her obligation would therefore be to file an answer within seven days after filing the notice of removal. Defense counsel states that plaintiff's counsel did not express an objection either to removal or to her filing an answer within seven days. Defendant's notice of removal was filed on December 13, and its answer was filed on December 19, 2011.

Defense counsel's promise to file an "answer" by December 13 followed by her change of plans unfortunately provoked this dispute, although according to her she communicated the change to plaintiff's counsel and received no objection. In any event, the communication issues between the lawyers are irrelevant to the removal issue. The case was properly removed, and the answer was timely filed in compliance with Fed. R. Civ. P. 81(c)(2)(C). The suggestion that plaintiff might have been able to obtain an entry of default, and ultimately a default judgment, in the state court in these circumstances, and that plaintiff thereby detrimentally relied on defense counsel's representations, is implausible at best.

3

**Order**

Plaintiff's Motion to Remand (docket #4) is DENIED.  Plaintiff's Motion to Strike Defendant's Answer (docket #6) is also DENIED.

DATED this 29th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge